1  Klatte, Budensiek & Young-Agriesti, LLP
   Ernest W. "Will" Klatte, III (State Bar No. 115914)
2  ewklatte@kbylaw.com
   Shawn M. Larsen (State Bar No. 204439)
3  slarsen@kbylaw.com
   Selwyn Chu (State Bar No. 285568)
4  schu@kbylaw.com
   100 Bayview Circle, Suite 4500
5  Newport Beach, California 92660
   Telephone:  949-221-8700
6  Facsimile: 949-222-1044

7  Attorneys for Defendant
   Acclaim Technical Services, Inc.
8

9             UNITED STATES DISTRICT COURT

10           FOR THE CENTRAL DISTRICT OF CALIFORNIA

11                      EASTERN DIVISION

| | |
|---|---|
| 12  AHMAD ATIQI INDIVIDUALLY AND ON BEHALF OF ALL<br>13  AGGRIEVED EMPLOYEES,<br>14              Plaintiffs,<br>15       vs.<br>16  ACCLAIM TECHNICAL SERVICES, INC., AND DOES 1 THROUGH 25,<br>17<br>18           Defendants. | CASE NO.: EDCV14-628 VAP (SPx)<br>HON. VIRGINIA A. PHILLIPS<br>**ORDER ENTERING STIPULATED PROTECTIVE ORDER**<br>Date Action Filed: March 31, 2014<br>Trial Date:       None Set |

20    Pursuant to Federal Rule of Civil Procedure 26(c), and good cause
21 appearing, IT IS ORDERED THAT the Stipulated Protective Order filed
22 concurrently herewith is approved and hereby entered, with the changes made by
23 the court in paragraphs 2(c), 5, 9, and 10.

25 Dated:  March 10, 2015           By:          /s/
                                        The Honorable Sheri Pym
26                                      United States Magistrate Judge

WHEREAS, in connection with discovery in this case, the parties have sought and/or anticipate seeking certain documents and/or information that the others contend is private, highly confidential, and/or proprietary;

WHEREAS, the parties desire to protect the confidentiality of such documents and information to ensure that they can obtain and pursue discovery with a minimum of delay and expense;

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

1. <u>Definitions</u>  As used in this Protective Order:

  a. The term "Person" includes a natural person, association, organization, partnership, limited liability company, business, trust, corporation, or public entity and any agent of the foregoing.

  b. The term "Material" means the original and any copy (regardless of origin or location) of any written, reported, recorded or graphic matter, however stored, produced or reproduced, including, but not limited to, computer-stored and computer retrievable information; testimony at depositions upon oral examinations or upon written questions; answers to interrogatories; information obtained from the inspection of premises; tangible objects or documents; answers to requests for admission; and anything that is a "writing" under the California Evidence Code and the Federal Rules of Civil Procedure.

  c. The term "Provides" means the production, delivery, or transfer of any Material, voluntarily or involuntarily, regardless of whether it is performed pursuant to a request or subpoena.

  d. The term "Confidential Information" means any information, whether documentary or oral, so designated by any producing Person or party which it reasonably and justifiably believes is of the type entitled to protection by law, subject to any party's right to challenge such designation through court intervention, as specified herein.

e. The term "Action" means the case entitled *Ahmad Atiqi et al v. Acclaim Technical Services, Inc. et al.,* United States District Court, Central District of California, Case No. EDCV14-628 VAP (SPx).

f. The term "Plaintiff" means Plaintiff Ahmad Atiqi, and his current and former agents.

g. The term "Acclaim" means Defendant Acclaim Technical Services, Inc. and its current and former employees, agents, managers, officers, directors, subsidiaries, parent companies, and divisions.

2. <u>Designation/Disclosure of Confidential Material</u>

a. The parties may designate as confidential at the time of production any Materials or information that contains Confidential Information by placing or affixing on each page of such Material the legend "CONFIDENTIAL" or a similar legend.

b. Material designated as "CONFIDENTIAL" shall not be used for any purpose other than the prosecution or defense of the Action. Material designated as "CONFIDENTIAL" shall only be Provided, exhibited, or disclosed to the following persons:

i) Parties to the Action (Plaintiff and Acclaim);

ii) Outside counsel of record engaged in the prosecution or defense of this litigation for the parties, including necessary legal assistants, stenographic, or clerical employees assisting such counsel;

iii) In-house counsel of any party engaged in the prosecution or defense of this litigation for the parties including necessary legal assistants, stenographic, or clerical employees assisting such counsel;

iv) Outside experts, consultants or investigators retained by the parties or their counsel of record in connection with this litigation under the conditions described in Paragraph 5 below;

v)   The Court and its personnel, or other persons acting on its behalf.

c.   Persons to whom Material designated as "CONFIDENTIAL" is to be Provided, exhibited, or disclosed pursuant to this Paragraph 2 other than those in subparagraph 2(b)(v) must have (a) read this order; (b) agreed to be bound by the terms thereof, (c) agreed to maintain said information in confidence, (d) agreed not to disclose the same except as permitted by this Paragraph 2, and (e) agreed to use said information solely for purposes of the prosecution and defense of this litigation and not for any business, competitive or other purposes whatsoever.

3.   Depositions

a.   The parties may designate any information disclosed during depositions as "CONFIDENTIAL" either on the record at the deposition or within 15 calendar days after completion of the deposition transcript.

b.   Designation of the portion of the transcript (including exhibits) as "CONFIDENTIAL" shall be made as follows:  Upon review of the transcript by counsel for the party to whose information the contents of the deposition relate, that counsel shall designate within 15 calendar days after counsel's receipt of the transcript, by written communication to the other parties, the specific pages and lines to be designated as "CONFIDENTIAL."  Counsel shall list in a separate piece of paper the numbers of pages of the transcript containing designated information, inserting the list at the end of the transcript, and mailing copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof.  Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL."  If no designation is made within 15 days after receipt of the transcript, the transcript shall be considered not to contain any confidential material.

c.   In the event that any question is asked at a deposition that calls for the disclosure of Materials or information designated "CONFIDENTIAL," the

witness shall nevertheless answer such question, unless otherwise instructed not to, provided that the only Persons in attendance at the deposition are Persons to whom such information may be disclosed pursuant to this Order.

   d. A person not otherwise authorized to be shown information or documents designated "CONFIDENTIAL" under this Order may be examined as a witness at deposition and may be shown and may testify concerning any such information or documents as follows:

    i) A present employee of a producing Person or party may be examined, may be shown, and may testify concerning any "CONFIDENTIAL" information of that producing Person or party.

    ii) A former employee or consultant of a producing Person or party may be examined, may be shown, may be interviewed, and may testify concerning any "CONFIDENTIAL" information of a producing Person or party that pertains in any way to the subject matter of his/her consultation or employment or to the subject matter of his/her communications with the producing Person or party.

    iii) A non-party who has had any contact or relationship with a party may be examined, may be shown, may be interviewed, and may testify:

///

///

     (1) Concerning any Material containing "CONFIDENTIAL" information that appears on its face to have been communicated between the non-party and any party; and

     (2) Concerning any "CONFIDENTIAL" information of a party that documentary or testimonial evidence indicates was communicated between the non-party and the party.

  4. <u>Inadvertent Disclosure</u>

   a. If a producing Person or party inadvertently fails to stamp or otherwise appropriately designate certain documents or information as

"CONFIDENTIAL" upon production or disclosure, the producing Person or any other party may thereafter designate by promptly giving written notice to all parties that the material is to be so designated. All parties shall then stamp or otherwise mark the designated material with a "CONFIDENTIAL" or similar legend.

    b. To the extent provided by law, the inadvertent production of any privileged or otherwise protected materials shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to, the attorney-client privilege and the protection afforded to work-product materials, or the subject matter thereof. Upon receiving notice from a producing Person or party that materials have been inadvertently produced, all such materials (including all copies) shall be returned to the producing Person or party within 5 business days of receipt of that notice, unless timely application is made to the Court within that period to challenge the claim of privilege.

  5. <u>Challenge To Confidentiality Designation</u>

A party may challenge another Person's or party's designation of Material as "CONFIDENTIAL" under this Protective Order by notifying the producing party in writing of the challenge, including the identity of each document to which the challenge is directed and the specific factual and legal bases supporting the challenge. Any such challenge must be made, if at all, within 30 days of the producing party's designation of such Material. Within 14 days of receipt, the parties shall meet-and-confer telephonically or in person regarding the challenge in an effort to resolve the matter informally. If the parties are unable to resolve the matter informally, the challenging party may move the Court to determine the propriety of the challenge, consistent with the requirements of Rule 37. To prevent the improper disclosure of any Confidential Information, the moving party shall lodge the Material at issue under seal consistent with the procedures set forth below.

  6. <u>Disclosure Of Confidential Information To Experts, Consultants And Investigators</u>

a. Before a party discloses Materials designated as "CONFIDENTIAL" to any expert, consultant or investigator, the expert, consultant or investigator must certify that he or she has read this Protective Order and must sign a copy of the "Agreement to be Bound by Protective Order," attached hereto as Exhibit A.  Once the expert, consultant or investigator has executed the "Agreement to be Bound by Protective Order," it shall not be necessary for that person to sign a separate statement each time he or she is subsequently given access to information or Materials designated as "CONFIDENTIAL."  An expert, consultant or investigator that is shown Material designated as "CONFIDENTIAL" may retain copies of that Material or information subject to the provisions of Paragraph 7 below.

b. The original, executed "Agreement to be Bound by Protective Order" signed by Persons receiving Materials designated as "CONFIDENTIAL," pursuant to this Paragraph 6 shall be maintained by the attorney of record who obtained the Agreement.

7. <u>Completion Of Litigation</u>

Upon completion of all proceedings in this Action, including the expiration of all rights to judicial review, all Materials designated as "CONFIDENTIAL" shall be returned to the producing party.  Each party shall also ensure that all experts retained by the party to whom Materials designated as "CONFIDENTIAL" were disclosed shall return all such Materials to the party retaining such expert or, alternatively, shall confirm in writing that all such Materials have been destroyed.  Returning parties are not required to return or destroy any pleadings, discovery requests, documents filed with the Court, or attorney work-product.  The provisions of this Protective Order restricting the dissemination, exhibition or other use of Materials designated as "CONFIDENTIAL" shall continue to be binding on any person subject to the terms of the Protective Order after conclusion of this Action.

8. <u>Right To Seek Relief From The Court</u>

Nothing in this Protective Order shall be deemed to limit, prejudice or waive any rights of any party or person: (1) to resist or compel discovery with respect to, or to seek additional or different protection for, Material claimed to be protected by attorney work-product or other applicable privilege, Material as to which the party or person claims a legal obligation not to disclose, or Material not required to be produced pursuant to governing laws and rules; (2) to seek to modify or obtain relief from any aspect of this Protective Order; (3) to object to the use, relevance or admissibility at trial of any evidence, whether or not comprised of Confidential Information governed by this Protective Order; (4) otherwise to require that discovery be conducted according to governing laws and rules; or (5) to oppose production of any information on any ground allowed under Federal Rules of Civil Procedure, or any other state or federal law, rule or regulation.  By signing this Order, a producing party is not deemed to waive any objection to the production of any document.  In addition, the election by any party to disclose any portion of its "CONFIDENTIAL" information to others shall not be deemed a waiver of any of the rights established by this Order.  The placing of any "CONFIDENTIAL" designation or a production identification number on the face of a document produced shall have no effect on the authenticity or admissibility of that document at trial.

9.   <u>Filing Confidential Information With The Court</u>

Whenever a party files any document with the Court that contains (a) Materials that has been designated as "CONFIDENTIAL," or (b) Confidential Information of any party, the filing party shall first request permission to file the Material under seal in accordance with Local Rule 79-5.

10.   <u>Use Of "Confidential" Material In Court</u>

Should counsel for any party desire to use "CONFIDENTIAL" material, or any portion or summary thereof, during any pretrial proceedings held in open court, he or she shall, prior to such use, make reference to the confidentiality thereof, and

counsel for the designating party may at the time of that use request that any portion of the transcript containing that reference to "CONFIDENTIAL" information, and any "CONFIDENTIAL" documents attached as exhibits, be filed under seal with this Court and be accorded treatment as "CONFIDENTIAL" as provided by this Order. Counsel for the parties shall exercise due care not to disclose "CONFIDENTIAL" information needlessly in the public record of any proceedings.

11. Maintenance Of "Confidential" Material

A person with custody of Materials designated as "CONFIDENTIAL" shall maintain it in a manner that ensures that access to it is strictly limited to Persons entitled to receive Confidential Information in accordance with this Protective Order.

12. Subpoenas

In the event a party or its attorneys receive a subpoena or other process or order to produce Confidential Information in another action or proceeding, that party and/or its attorneys shall, not later than 14 days prior to compliance with the subpoena or other process or order, notify the other party's attorney of record in this Action and specify the Confidential Information sought by the subpoena or other process or order.

///

13. Jurisdiction

Upon conclusion of this litigation, this Court shall retain such jurisdiction with respect to this Protective Order for purposes of enforcing its terms and conditions and to enable any party herein affected to apply for such other and further orders concerning the subject of this Protective Order as may be necessary or appropriate. Counsel for the designating party shall have the opportunity to oppose any request for public inspection.

14. Rights Intact

Except as described herein, this Protective Order shall not abrogate or

diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Confidential Information.

Dated:  March 3, 2015    Klatte, Budensiek & Young-Agriesti, LLP


By: ___*/s/ Shawn M. Larsen*___
Shawn M. Larsen
Attorneys for Defendant ACCLAIM TECHNICAL SERVICES, INC.

Dated:  March 3, 2015    Klein Law Group


By: ___*/s/ Alexei Kuchinsky*___
Alexei Kuchinsky
Attorneys for Plaintiff AHMAD ATIQI

### **LOCAL RULE 5-4.3.4(a)(2)(i) Certification**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Shawn M. Larsen, hereby attest that all signatories on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.

By: ___/s/___
Shawn M. Larsen

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

108/1012-002
Ahmad Atiqi - Proposed PO.docx 3/10/15

-11-

Case No. EDCV14-628 VAP (SPx)
STIPULATED PROTECTIVE ORDER

**CERTIFICATION TO BE BOUND BY PROTECTIVE ORDER**

I hereby acknowledge that I am about to receive Confidential Information provided in connection with the litigation entitled *Ahmad Atiqi et al v. Acclaim Technical Services, Inc. et al.,* United States District Court, Central District of California, Case No. EDCV14-628 VAP (SPx) (the "Action"). I certify my understanding that such Confidential Information is to be provided to me pursuant to the terms and restrictions of the Protective Order in the action and that I have been given a copy of and have read said Protective Order and agree to be bound by the terms thereof. I understand that such Confidential Information and any copies I make of any Document containing Confidential Information or any notes or other records that may be made regarding any such Confidential Information shall not be disclosed to any persons other than those persons to whom such information may be disclosed pursuant to this Protective Order.

Dated: _____        _____
                                                              Signature

108/1012-002
Ahmad Atiqi - Proposed
PO.docx 3/10/15

-1-